UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANTHONY GRAHAM, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) | Nos. 3:20-CV-122 3:17-CR-068 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION

Before the Court is Anthony Graham's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 80].[1] The United States has responded in opposition. [Doc. 6]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 4]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 80] will be **DENIED**.

**I.    BACKGROUND**

In July 2017, Petitioner and one co-defendant were charged in an eight-count Indictment pertaining to five armed Hobbs Act robberies over a four-day period, along with related gun charges. [Crim. Doc. 101]. Petitioner was named in all eight counts. [*See id.*].

---

[1] Document numbers not otherwise specified refer to the civil docket.

On March 21, 2018, Petitioner entered into a plea agreement with the government. [Crim. Doc. 46]. Petitioner agreed to plead guilty to four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951; one count of aided and abetted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 & 2; and one count of knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). [*See id.*] The plea agreement was signed by Petitioner and attorney R. Deno Cole.

In his plea agreement, Petitioner agreed and stipulated to facts which satisfied the offense elements, but did not necessarily constitute all the facts in the case. [*Id.*]. Petitioner further agreed that both parties retained the right to present additional facts to the Court at sentencing and that other facts may be relevant to sentencing. [*Id.*]. Petitioner acknowledged that on June 13, 2017, at 6:36 a.m., Petitioner entered the Clinton Highway Shell in Knoxville, TN, walked up behind the counter, grabbed the clerk by the ponytail, threatened to "shoot her," and demanded money. The clerk complied and gave Petitioner money from the register before Petitioner fled the scene. On June 14, 2017, at 4:25 p.m., Petitioner entered the Packard's Games in Knoxville, TN, demanded money, and threated to "blow [his] head off." The clerk complied and gave Petitioner money from the register before Petitioner fled the scene. On June 16, 2017, at 1:20 a.m., Petitioner entered the Executive Inn in Knoxville, TN, brandished a double barrel sawed-off shotgun, and demanded money. The clerk complied and gave Petitioner $200 from the register before Petitioner fled the scene. On June 16, 2017, at 6:30 a.m., Petitioner entered the J's Market in Sevierville, TN, brandished a double barrel sawed-off shotgun, and demanded money. Even though the clerk complied by giving Petitioner money from the register, Petitioner

hit the clerk in the mouth, causing him to lose several teeth. Petitioner fled in a white Nissan Pathfinder with co-defendant getaway driver. On June 16, 2017, at 2:40 p.m., Petitioner entered Boost Mobile, in Knoxville, TN, brandished a double barrel sawed-off shotgun, and demanded money. The clerk complied and gave Petitioner money from the register before Petitioner fled the scene. [*Id*.].

The Court conducted a change of plea hearing on March 28, 2018. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that Petitioner was arraigned and specifically advised of his rights, that his motion to change plea to guilty was granted, that he waived the reading of the Indictment, that he pled guilty to Counts 1, 2, 3, 4, 5, & 7 of the Indictment, that the Government moved to dismiss the remaining counts at sentencing, that Petitioner was referred for a Presentence Investigative Report ("PSR"), and that he was to remain in custody until his sentencing hearing. [Crim. Doc. 51].

The PSR calculated a total offense level of 29 and a criminal history category of VI which resulted in an initial guideline range of 151 to 188 months. However, because Count Four required an 84 month term of imprisonment to run consecutively, and Petitioner was designated a Career Offender also convicted of 18 U.S.C. §§ 924(c) or 929(a), the applicable guideline range was 262 to 327 months. [Crim. Doc. 54, ¶ 110]. The PSR also noted that in the Plea Agreement, the parties agreed to a specific sentence pursuant to Rule 11(c)(1)(C) of 32 years [*Id*. at ¶ 112]. The PSR also noted that, had the plea agreement not agreed to dismiss Counts Six and Eight, Petitioner would have been facing an additional

3

minimum mandatory term of imprisonment of fifty (50) years, to be served consecutively to all other counts. [*Id.*].

The government filed a notice of no objections to the PSR. [Crim. Doc. 55]. The government also filed sentencing memorandum wherein it requested the Court impose the agreed-upon sentence of the parties. [Crim Doc. 56]. Petitioner, through counsel, also filed a notice of no objections to the PSR. [Crim. Doc. 57]. Petitioner, through counsel, filed a sentencing memorandum, also requesting the Court to impose the parties' agreed upon sentence of 32 years. [Crim. Doc. 58].

On July 18, 2018, the Court sentenced Petitioner to a total of 384 months' imprisonment and then five years of supervised release. [Crim. Doc. 61]. Petitioner did not file a direct appeal, but on March 23, 2020, he filed this § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's

allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner seems to raise three claims in this § 2255 motion: 1) that Hobbs Act robbery has been ruled unconstitutional as it is not a crime of violence thus Petitioner is serving an illegal sentence, 2) that his sentence for brandishing a firearm is unconstitutional since 924(c) is not a crime of violence, and 3) that his sentence for aiding and abetting Hobbs Act robbery is unconstitutional and illegal as it is not a crime of violence. [Doc. 1; Crim. Doc. 80]. As the claims all pertain to an alleged error in sentencing, the Court will address the claims together.

#### A. Collateral Attack Waiver

The United States first argues that Petitioner's claims are all barred by the collateral attack waiver in his plea agreement. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from bringing such claims. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing to *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id*. An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, in situations where

6

the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Circuit have upheld collateral attack waivers if the waivers were knowing and voluntary. *Watson v. United States*, 165 F.3d at 486, 489 (6th Cir. 1999); *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *2, n.3 (E.D. Ky. Feb. 1, 2010).

In this case, Petitioner signed a Plea Agreement containing the following waiver provision: "[t]he defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a §2255 motion as to (i) prosecutorial misconduct not known to the defendant by the time of the entry of the judgment and (ii) ineffective assistance of counsel." [Crim. Doc. 46, p. 8].

Petitioner does not challenge the validity of the actual waiver, suggest that he did not understand the waiver, nor claim that he did not sign it voluntarily. Accordingly, because Petitioner is not attacking the validity of the plea itself, and because he expressly waived the right to collaterally attack his conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct, his claims are barred by the knowing and voluntary waiver contained in the binding Plea Agreement. *See Davila*, 258 F.3d at 451. Accordingly, Petitioner's § 2255 motion [Doc. 1; Crim Doc. 80] will be **DENIED** as barred by his collateral attack waiver. However, as discussed below, these claims alternatively fails on the merits.

**B. Merits**

Petitioner appears to be arguing that his sentence should be considered unconstitutional because *United States v. Davis*, 139 S.Ct. 2319 (2019) invalidated § 924(c)'s residual clause, thus Hobbs Act robbery is not a crime of violence. However, Petitioner is mistaken about Hobbs Act robbery. *Davis* does not apply to Petitioner as the underlying offense of his § 924(c) conviction was Hobbs Act robbery, which still qualifies as a crime of violence under the elements clause and not the residual clause. *See United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) ("Hobbs Act robbery is a crime of violence under §24(c)'s use of force clause."); *see also United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017), *cert. denied* 137 S.Ct. 2230 (2017). As Hobbs Act robbery is still a crime of violence under § 924(c)(3)(A), Petitioner's claims also fail on the merits.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 80] will be **DENIED** and **DISMISSED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge